1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  MICHAEL HELMS | Case No.: CV 17-3183 CBM-SK |
| 12          Plaintiff, | |
| 13  vs. | **ORDER RE: DEFENDANTS'** |
| | **MOTIONS TO DISMISS [39] [46]** |
| 14  WELLS FARGO BANK, N.A., et al. | |
| 15          Defendants. | |

16
17          The matters before the Court are Defendants' motions to dismiss the First
18  Amended Complaint for failure to state a claim upon which relief can be granted.
19  (Dkt. Nos. 39, 46.)
20                         **I. BACKGROUND**
21          This action involves an allegedly wrongful foreclosure of Plaintiff's
22  residence located in Sunland, CA ("the Property"). (Dkt. No. 38 ("FAC").) On
23  March 17, 2005, Plaintiff refinanced his mortgage on the Property with a loan
24  from Defendant Wells Fargo Bank ("WFB"). (*Id.* ¶ 14.) The loan was secured with
25  a Deed of Trust ("DOT") recorded against the Property on March 28, 2005. (*Id.*)
26  The DOT named WFB as the lender and Fidelity National Title Insurance
27  Company as the trustee. (*Id.*)
28

On July 21, 2011, Defendant First American Trustee Servicing Solutions ("FATSS"), "acting as agent for the trustee or beneficiary," issued a "Notice of Default and Election to Sell under Deed of Trust," which was recorded on July 25, 2011. (Dkt. No. 47-4.[1]) On November 14, 2011, FATSS replaced Fidelity National Title Insurance Company as the trustee under the DOT. (Dkt. No. 47-3.)

On February 9, 2012, WFB assigned its beneficial interest under the DOT to Defendant Bank of America ("BOA"). (Dkt. No. 47-2.) Plaintiff alleges that the assignment was executed by a Wells Fargo employee who lacked the authority to execute the assignment and that the assignment instrument was improperly notarized. (FAC ¶ 16.) Plaintiff also alleges that at some unspecified time "after the origination and funding of his loan, the loan was … transferred to a Trust, as a 'mortgage backed security'" and that "Plaintiff's deed of trust was assigned to this Real Estate Mortgage Investment Conduit ('REMIC') Trust." (FAC ¶ 17.)

On December 1, 2015, FATSS issued a final "Notice of Trustee's Sale," noticing the sale of the Property for December 23, 2015 at 10:00 a.m. (Dkt. No. 47-11.) On December 23, 2015, the trustee's sale of the Property was conducted. (FAC ¶ 20.) On that same day, Plaintiff filed for bankruptcy. (*Id.*; Dkt. No. 47-26.) Plaintiff alleges that, "according to his information and belief," the bankruptcy petition was filed "prior to the sale." (FAC ¶ 20.) On April 11, 2016, Plaintiff's bankruptcy case was dismissed due to Plaintiff's failure to appear for examination at a mandatory meeting of the creditors. (Dkt. No. 47-28.)

---

[1] Defendants request that the Court take judicial notice of various publicly recorded documents and judicial records relating to Plaintiff and the property at issue. Plaintiff has not objected to the Court taking judicial notice of them. As judicial documents and matters of public record, they are properly subject to judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006). Accordingly, Defendants' requests for judicial notice are granted, but the documents will only be discussed insofar as they are relevant to the issues presented. The Court also notes that Defendants' request for judicial notice is unnecessary insofar as it seeks judicial notice of documents for which an earlier request was already granted. The earlier-noticed documents can simply be referenced by docket number in subsequent filings.

1    On July 29, 2016, the bankruptcy court found that the Property had been the
2    subject of a scheme to hinder, delay, or defraud creditors. (Dkt. No. 40-26 at 5.) It
3    accordingly granted BOA's motion for an *in rem* order relieving it from automatic
4    stays under 11 U.S.C. § 362, applicable "in any other case … purporting to affect
5    the Property filed not later than 2 years after the date of the entry of this order by
6    the court." (*Id.*) The order was recorded on August 12, 2016. (*Id.* at 1.)

7    On November 22, 2016, FATSS executed a Trustee's Deed Upon Sale,
8    conveying the Property to BOA pursuant to the trustee's sale that had occurred on
9    December 23, 2015. (Dkt. No. 47-35.) The deed was recorded on November 28,
10   2016. (*Id.*)

11   On February 14, 2017, BOA filed an unlawful detainer action against
12   Plaintiff in state court. (Dkt. No. 47-36.) On June 9, 2017, the court issued a
13   consent judgment in favor of BOA. (Dkt. No. 47-37.) The judgment provided that
14   "a writ of possession may be issued forthwith, but no final lockout prior to
15   7/10/2017." (*Id.*)

16   On October 6, 2017, Plaintiff once again filed for bankruptcy. (Dkt. No. 47-
17   40.) Sometime after that in October 2017, Plaintiff and his family were evicted by
18   a Los Angeles County Sheriff in the name of Bank of America. (FAC ¶ 21.) On
19   October 25, 2017, Plaintiff's bankruptcy case was dismissed for failure to file the
20   required documents. (Dkt. No. 47-41.)

21   Plaintiff filed the present action *pro se* on April 27, 2017. (Dkt. No. 1.) On
22   February 14, 2018, the Court granted Defendants' motion to dismiss  the
23   complaint for failure to state a claim and granted Plaintiff leave to amend. (Dkt.
24   No. 36.) Pursuant to the Court's leave, on March 16, 2018, Plaintiff—now
25   represented by counsel—filed the FAC, asserting causes of action for
26   (1) Violations of the Real Estate Settlement Procedures Act ("RESPA");
27   (2) Violations of 18 U.S.C. § 1964 (Civil RICO); (3) Violations of the federal
28   Truth in Lending Act ("TILA"); (4) Violations of the Fair Debt Collection

1  Practices Act ("FDCPA"); (5) Declaratory Judgment that Plaintiff's Foreclosure

2  and Lockout were Void; and (6) Willful Violation of Bankruptcy Automatic Stay.

3  (Dkt. No. 38.)

4  **II. LEGAL STANDARD**

5  Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to

6  dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6)

7  is read in conjunction with Rule 8(a), which requires a short and plain statement of

8  the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2);

9  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require a

10 complaint to "give the defendant fair notice of what the plaintiff's claim is and the

11 grounds upon which it rests") (quoting Fed. R. Civ. P. 8(a)(2)); *Bell Atl. Corp. v.*

12 *Twombly*, 550 U.S. 544, 555 (2007). Dismissal of a complaint can be based on

13 either the lack of a cognizable legal theory or the absence of sufficient facts

14 alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901

15 F.2d 696, 699 (9th Cir. 1990).

16 Surviving a motion to dismiss requires a plaintiff to allege "enough facts to

17 state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570;

18 *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "While a complaint attacked by a

19 Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

20 plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

21 more than labels and conclusions, and a formulaic recitation of the elements of a

22 cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Rather,

23 the factual allegations in the complaint "must be enough to raise a right to relief

24 above the speculative level." *Id.*

25 "The plausibility standard is not akin to a 'probability requirement,' but it

26 asks for more than a sheer possibility that a defendant has acted unlawfully. Where

27 a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

28 stops short of the line between possibility and plausibility of 'entitlement to

relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). In order to meet this standard, (1) the complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When evaluating a Rule 12(b)(6) motion, the Court accepts all material factual allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construes them in the light most favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Courts "do not, however, accept the truth of legal conclusions merely because they are cast in the form of factual allegations." *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (internal quotations omitted). In addition to the allegations in the complaint, the Court may consider exhibits submitted with the complaint, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. DISCUSSION

**A.    Defendants' Argument that Plaintiff's Claims Remain Assets of his Bankruptcy Estate**

Defendants WFB and BOA argue that, because Plaintiff filed for bankruptcy after all of his claims accrued, the claims remain assets of the bankruptcy estate and he therefore lacks standing to pursue them. It is undisputed that any claims Plaintiff held became part of his bankruptcy estate while his bankruptcy cases

1   were pending. *See Rousey v. Jacoway*, 544 U.S. 320, 325 (2005). However, both
2   of Plaintiff's bankruptcy cases were dismissed. With one exception not relevant
3   here, the dismissal of a bankruptcy case "revests the property of the estate in the
4   entity in which such property was vested immediately before the commencement
5   of the case under this title." 11 U.S.C. § 349(b)(3). Accordingly, Defendants'
6   argument that all of Plaintiff's claims should be dismissed as barred clearly fails as
7   a matter of law.

8   **B.   First Cause of Action: Violations of RESPA (asserted against WFB,**
9        **BOA, and FATSS)**

10   Defendants BOA and FATSS contend that the FAC cannot state a claim
11   against them under this cause of action because RESPA only applies to loan
12   servicers and the FAC only alleges WFB to be the servicer of Plaintiff's loan.
13   Plaintiff does not contest this and consents to the dismissal of this cause of action
14   against Defendants BOA and FATSS. (*See* Dkt. No. 49 at 3; Dkt. No. 51 at 4, 10.)
15   Accordingly, Plaintiff's RESPA cause of action against BOA and FATSS is
16   dismissed with prejudice.

17   With respect to Defendant WFB, Plaintiff's RESPA claim is also not
18   sufficiently Pleaded. A servicer's duty to respond under RESPA does not extend to
19   all requests for information relating to the loan. Rather, it extends only to requests
20   for "information relating to the *servicing* of [the] loan." *Medrano v. Flagstar*
21   *Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012) (emphasis added). The only requests
22   alleged in the FAC that actually relate to the servicing of the loan are the requests
23   to know the "accumulated late fees and charges" and the request for "a complete
24   loan history" (the latter request only qualifies insofar as it refers to a complete
25   history of the *servicing* of the loan).

26   With respect to Plaintiff's written requests for a complete loan history and
27   information regarding accumulated late fees and charges, the FAC fails to identify
28   when or to whom these alleged requests were sent. The vague allegation that

6

1   Plaintiff sent "several written requests" to WFB and BOA, one or more of which

2   included these requests for information, does not "contain sufficient allegations of

3   underlying facts to give fair notice and to enable [WFB] to defend itself

4   effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Further, the FAC

5   lacks factual allegations bringing Plaintiff's alleged requests within the statutory

6   definition of "qualified written requests." *See* 12 U.S.C. § 2605(e)(1)(B) (setting

7   forth the requirements for qualified written requests); *see also Medrano*, 704 F.3d

8   at 666.

9        The FAC also fails to adequately plead that WFB violated its duties under

10   RESPA. The FAC does not specify whether Wells Fargo failed to respond

11   altogether to these requests or responded to the requests with "misleadingly partial

12   answers," nor does it identify what was misleading about any partial answers.

13   (FAC ¶¶ 28-29.) To the extent WFB responded with less information than Plaintiff

14   requested, such a response is not a violation of RESPA as long the response

15   included "an explanation of why the information requested is unavailable or

16   cannot be obtained by the servicer." 12 U.S.C. § 2605(e)(2)(C). The FAC does not

17   allege that any partial answers provided by WFB lacked such an explanation.

18        The FAC also fails to adequately plead injury resulting from WFB's alleged

19   failure to properly respond to the requests. The FAC's conclusory assertion that

20   "providing the information would have helped Plaintiff prevent foreclosure,"

21   (FAC ¶ 29), is not entitled to a presumption of truth in the absence of supporting

22   factual allegations. *Iqbal*, 556 U.S. at 681. The FAC does not contain any factual

23   allegations identifying what Plaintiff might have done with the requested

24   information that would have prevented foreclosure. Accordingly, this cause of

25   action is not sufficiently pleaded. Because this deficiency could be cured by

26   amendment, leave to amend is warranted.

27

28

**C.     Second Cause of Action: Violations of RICO (asserted against WFB, BOA, and FATSS)**

RICO gives a private right of action to "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C.] section 1962." 18 U.S.C. § 1964(c). To state a civil RICO claim, four elements must be pleaded: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.[2] *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). In addition, the conduct must be (5) the proximate cause of harm to the plaintiff. *Eclectic Properties*, 751 F.3d at 997. Because the FAC fails to adequately plead racketeering activity, the Court finds Plaintiff's RICO claim deficient. Accordingly, the Court does not consider whether the other elements of a RICO claim are sufficiently pleaded in the FAC.

Racketeering activity requires commission of one of the predicate acts enumerated in 18 U.S.C. § 1961(1). Plaintiff contends that the FAC "pleads the fraud and mail fraud elements in detail sufficient to establish a RICO claim." (Dkt. No. 49 at 6; Dkt. No. 51 at 8.) Plaintiff relies on the FAC's reference to (1) "[a]n Assignment of Deed of Trust … executed on February 9, 2012, from Wells Fargo Bank, N.A., to Defendant Bank of America, N.A." (FAC ¶ 16); and (2) "a Notice of Trustee's Sale … recorded in the County Recorder's Office as Document No. 20151515118" (FAC ¶ 20). (Dkt. No. 51 at 9.) However, the FAC does not identify the "specific content of the false representations" contained in these documents, nor does it specify "the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). The FAC also does not

---

[2] Instead of pleading "racketeering activity," a plaintiff can also plead the "collection of unlawful debt." 18 U.S.C. § 1962(c). However, as used in that section, "unlawful debt" refers only to usurious debts and debts relating to unlawful gambling activity. 18 U.S.C. § 1961(6). Plaintiff does not allege any facts suggesting that his mortgage loan falls within this definition of "unlawful debt."

1  identify "what is false or misleading about the purportedly fraudulent statement,

2  and why it is false." *Cafasso, U.S. ex. rel. v. General Dynamics C4 Systems, Inc.*,

3  637 F.3d 1047, 1055 (9th Cir. 2011). The FAC also lacks factual allegations to

4  support a plausible inference that Defendants had the requisite intent to defraud.

5  Conclusory assertions of Defendants' mental state do not suffice. *See, e.g.*,

6  *Eclectic Properties*, 751 F.3d at 1000 (affirming dismissal of Plaintiff's civil RICO

7  claims because "the complaint's factual allegations do not support a plausible

8  inference that Defendants had the required specific intent to defraud"). Finally, the

9  FAC does not allege reasonable reliance on the misrepresentation or injury

10  proximately caused by that reliance.

11       The FAC fails to plead fraud with specificity as required by Rule 9(b).

12  Accordingly, dismissal is warranted, and the Court need not determine whether the

13  other elements of a civil RICO claim are sufficiently pleaded. Because these

14  deficiencies could be cured by amendment, leave to amend is warranted.

15  **D.**     **Third Cause of Action: Violations of TILA (asserted against WFB and**

16          **BOA)**

17       Defendants contend that (1) Plaintiffs' TILA claims are barred by the statute

18  of limitations, and (2) the FAC's conclusory assertions of a TILA violation fail to

19  meet the pleading standard under Rule 8(a). These two issues are addressed in turn

20  below.

21          **1.**     **Limitations Periods**

22              **a.**     **Rescission**

23       The right of rescission under TILA expires "three years after the loan closes

24  or upon the sale of the secured property, whichever date is earlier." *Beach v.*

25  *Ocwen Federal Bank*, 523 U.S. 410, 411 (1998); 15 U.S.C. § 1635(f). "[Section]

26  1635(f) is a statute of repose," *Miguel v. Country Funding Corp.*, 309 F.3d 1161,

27  1164 (9th Cir. 2002), and as such it is not subject to equitable tolling, *see*

28

1    *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2051

2    (2017); *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2182 (2014).

3         Because this action is brought more than three years after Plaintiff's loan

4    closed, Plaintiff's claim for rescission is barred by § 1635(f). Further, because the

5    time-bar imposed by § 1635(f) is not subject to equitable tolling, this legal bar

6    could not be cured by additional allegations. Accordingly, Plaintiff's TILA claim

7    for rescission is dismissed with prejudice.

8         **b.**     **Damages**

9         Claims for damages under TILA are subject to a one-year period of

10   limitations, which begins to run when the TILA violation occurs. *Cervantes v.*

11   *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (citing 15

12   U.S.C. § 1640(e)). It is not clear from the FAC what the alleged TILA violation is

13   or when it occurred. However, Plaintiff contends in his opposition that "the

14   relevant transaction" occurred in 2012. (Dkt. No. 51 at 11.) Thus, Plaintiff's TILA

15   claim is time-barred. However, Plaintiff contends that he could amend his

16   complaint to establish equitable tolling and thereby avoid this statutory bar.

17        To the extent Plaintiff is able to plead additional facts that would toll the

18   applicable limitations period, leave to amend is warranted. However, Plaintiff

19   should ensure that any additional facts pleaded are sufficient to establish equitable

20   tolling. *See Vargas v. JP Morgan Chase Bank, N.A.*, 30 F. Supp. 3d 945, 949 (C.D.

21   Cal. 2014) ("A plaintiff seeking equitable tolling must allege specific facts

22   explaining the failure to learn the basis for the claim within the statutory period. A

23   plaintiff cannot simply rely on the same factual allegations to both show a

24   violation of the federal statute and to toll the limitations period of that statute.")

25   (internal citations, quotations omitted).

26      **2.**     **Failure to Plead an Actionable TILA Violation**

27        Plaintiff concedes that the "violations of TILA are admittedly sketchily

28   pleaded" (Dkt. No. 51 at 11), but points to the FAC's allegation that BOA has

1    "claimed [incorrectly] to be either the beneficiary or the loan-servicing agent, or
2    both." (Dkt. No. 51 at 11 (alteration in original).) Plaintiff contends that BOA's
3    claiming to be the beneficiary or the loan-servicing agent, or both, violated 15
4    U.S.C. § 1611(1). This purported TILA violation identified by Plaintiff is
5    insufficient for at least three reasons.
6         First, § 1611(1) only applies to "information which [the person] is required
7    to disclose under the provisions of this subchapter or any regulation issued
8    thereunder," and the FAC does not allege that BOA's assertion of being "the
9    beneficiary or the loan-servicing agent" occurred in any of the disclosures required
10   under TILA. Second, § 1640(a) only authorizes a private right of action when a
11   creditor "fails to comply with any requirement imposed under this part [B], … or
12   part D or E of this subchapter [I]." Section 1611, appears in part A of subchapter I,
13   and is therefore outside the scope of the private right of action authorized under
14   § 1640(a). Finally, § 1640(a) does not apply to BOA since BOA is not a "creditor"
15   within the meaning of 15 U.S.C. § 1602(g). Instead, any TILA action against BOA
16   must rely on § 1641(a), which governs the liability of assignees of the creditor.
17   Pursuant to § 1641(a), an action against the assignee may be maintained "only if
18   the violation for which such action or proceeding is brought is apparent on the
19   face of the disclosure statement…." The FAC does not allege that BOA's
20   purported violation of § 1611(1) occurred in a disclosure statement at all, let alone
21   that the violation is apparent on the face of the disclosure statement.
22        Accordingly, Plaintiff has not stated a claim for relief under TILA. Because
23   these deficiencies could be cured by amendment, leave to amend is warranted.
24   **E.     Fourth Cause of Action: Violations of FDCPA**
25        Plaintiff notes that the inclusion of this cause of action in the FAC was
26   inadvertent and therefore consents to its dismissal. (*See* Dkt. No. 51 at 4.)
27   Accordingly, Plaintiff's FDCPA cause of action is dismissed with prejudice.
28

**F.    Fifth Cause of Action: Wrongful Foreclosure (asserted against WFB and BOA)**

Plaintiff requests a declaration that the foreclosure sale of Plaintiff's residence was void as a matter of law. Although somewhat ambiguous as to the factual basis for this cause of action, the FAC appears to assert two alternative bases on which the foreclosure sale of the Property might be void: (1) the party that invoked the trustee's power of sale was not the true beneficiary under the deed of trust (*e.g.* FAC ¶ 17); and (2) the foreclosure sale was conducted while Plaintiff's bankruptcy proceeding was pending (*e.g.* FAC ¶ 20). Each potential theory is discussed in turn below.

**1.    Plaintiff has not alleged sufficient facts to show that the party invoking the trustee's power of sale was not the true beneficiary.**

The FAC contains numerous conclusory assertions that "none of the foreclosing Defendants in this action had the right to declare default … or foreclose on … the Property." (FAC ¶ 17.) However, once stripped of these conclusory assertions, the FAC's factual basis for such a conclusion becomes much less clear. Two potential bases are vaguely discernible from the FAC, both of which are somewhat vague and neither of which is sufficiently pleaded. In amending the complaint, Plaintiff should separately state any alternative theories of his claim clearly enough that Defendants—and the Court—can understand the factual bases for Plaintiffs' claim without having to guess which factual allegations relate to which theory.

The first potential basis for Plaintiff's claim is that the assignment of Plaintiff's DOT from WFB to BOA was "signed by a Wells Fargo employee who was not authorized to sign it" and was "improperly notarized." (FAC ¶ 16.) This potential basis fails to state claim because borrowers do not have standing to challenge defects in an assignment that make the assignment merely voidable, as opposed to void ab initio. *See Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th

12

919, 936 (2016). Plaintiff has not cited any authority suggesting that the assignment from WFB to BOA, despite its alleged defects, was void such that it could not be ratified by the parties. *Cf. Yvanova*, 62 Cal. 4th at 930 ("Despite its defects, a voidable transaction, unlike a void one, is subject to ratification by the parties.").

The second potential basis is that sometime "after the origination and funding" of Plaintiff's loan, "Plaintiff's deed of trust was assigned" to another party as part of a securitization of Plaintiff's mortgage. (FAC ¶ 17.) However, the FAC does not allege who assigned Plaintiff's loan to another party or when. Such details are crucial to the success of this claim, since the foreclosure sale would only be void if the party invoking the trustee's power of sale did so after assigning Plaintiff's loan to some other entity. Absent allegations establishing which Defendant assigned Plaintiff's loan away and when, Plaintiff's claim does not "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

> **2.    Plaintiff has adequately pleaded that his bankruptcy proceeding was pending when the trustee's sale took place, thus voiding the trustee's sale.**

The FAC alleges that on December 23, 2015, the day of the foreclosure sale, and "according to his information and belief prior to the sale," Plaintiff filed a bankruptcy petition, such that the bankruptcy case was pending at the time the foreclosure sale was conducted.[3] (FAC ¶ 20.) A pending bankruptcy proceeding would render the foreclosure sale void and not merely voidable. *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992).

---

[3] It was not until later, in a separate bankruptcy proceeding, that BOA obtained *in rem* relief from automatic stays affecting the Property. (*See* Dkt. No. 40-26.)

1         Defendants argue the FAC's allegations that Plaintiff filed his bankruptcy

2   petition before the trustee's sale are contradicted by judicially noticeable

3   documents. Specifically, they proffer (1) the publicly recorded "Notice of

4   Trustee's Sale," which noticed the foreclosure sale for 10:00 a.m. on December 23

5   (Dkt. No. 47-11); and (2) a copy of Plaintiff's December 23 petition for

6   bankruptcy, which is electronically stamped: "Filed 12/23/15

7   Entered 12/23/15 17:43:53" (Dkt. No. 47-26).

8         This argument fails for two reasons. First, while the Court can take judicial

9   notice of the "Notice of Trustee's Sale" as a matter of public record, the Court

10  cannot take judicial notice of whether the trustee's sale actually occurred at the

11  time for which it was noticed. Second, although Plaintiff's bankruptcy petition

12  was "[e]ntered" at 5:43 p.m., Defendants have not established what relationship

13  there is—if any—between the time Plaintiff's petition was filed and the time it

14  was "entered" on the electronic docket.

15        Accordingly, Plaintiff has sufficiently pleaded that the December 23

16  foreclosure sale occurred after he filed his bankruptcy petition, and was therefore

17  void.

18  **G.**    **Sixth Cause of Action: Willful Violation of Bankruptcy Stay under 11**

19         **U.S.C. § 362 (asserted against WFB, BOA, and FATSS)**

20        Plaintiff concedes that this cause of action is not viable because the

21  bankruptcy court granted *in rem* relief from any automatic bankruptcy stays

22  affecting the Property. (Dkt. No. 51 at 2.). Accordingly, this cause of action is

23  dismissed with prejudice.

24                      **IV. CONCLUSION**

25        Plaintiff's first cause of action, for violations of RESPA, is **DISMISSED**

26  **WITH PREJUDICE** as to Bank of America and First American Trustee

27  Servicing Solutions; and **DISMISSED WITH LEAVE TO AMEND** as to Wells

28  Fargo.

1         Plaintiff's second cause of action, for violations of RICO, is **DISMISSED**

2    **WITH LEAVE TO AMEND**. If Plaintiff chooses to amend and reassert this

3    cause of action, Plaintiff should comply with the Court's RICO order, issued

4    herewith.

5         Plaintiff's third cause of action, for violations of TILA, is **DISMISSED**

6    **WITH PREJUDICE** as to Plaintiff's claim for rescission; and **DISMISSED**

7    **WITH LEAVE TO AMEND** as to Plaintiff's claim for damages.

8         Plaintiff's fourth cause of action, for violations of the FDCPA, is

9    **DISMISSED WITH PREJUDICE**.

10        With respect to Plaintiff's fifth cause of action, for wrongful foreclosure,

11   Defendants' motion to dismiss is **DENIED** as to the claim that the foreclosure sale

12   was void because it took place while Plaintiff's bankruptcy case was pending. This

13   cause of action is **DISMISSED WITH LEAVE TO AMEND** as to all other

14   alleged bases for invaliding the foreclosure sale.

15        Plaintiff's sixth cause of action, for willful violation of an automatic

16   bankruptcy stay, is **DISMISSED WITH PREJUDICE**.

17        Plaintiff's leave to amend extends only to curing any deficiencies in the

18   present causes of action. No new causes of action may be asserted without further

19   leave of Court. Any amended complaint shall be filed no later than July 11, 2018.

20

21        **IT IS SO ORDERED.**

22

23   DATED: June 19, 2018

24

25                                                                              
CONSUELO B. MARSHALL

26   UNITED STATES DISTRICT JUDGE

27

28